Requestor: Benjamin J. Bonarigo, Esq., Town Attorney Town of Batavia 4165 West Main Street Road Batavia, New York 14020
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under certain circumstances it is a conflict of interests for a member of a town board to take part in deliberations and voting on a resolution to set the salaries of the town clerk and town tax collector. You have explained that the town board member's wife is a deputy to both officials. She is appointed directly by the town clerk and the town tax collector. The salaries of the deputy town clerk and deputy town tax collector are established by the town board.
The governing body of each local government, including a town, is required to adopt a code of ethics setting forth the standards of conduct reasonably expected of its officers and employees. General Municipal Law § 806(1). The code of ethics is required to provide standards for officers and employees with respect to disclosure of interests in legislation before the local governing body and generally is to include other standards relating to the conduct of officers and employees of the municipality. Ibid. I suggest that you examine the town's code of ethics to determine whether any regulations therein apply to the questions you have raised.
In prior opinions, we have found that a local legislator should not take part in any matters concerning the salary and terms and conditions of employment of his spouse with that local government. 1986 Op Atty Gen (Inf) 101; 1985 Op Atty Gen (Inf) 89. The legislator would have a personal interest in his spouse's compensation and other terms and conditions of employment.
In our view, the town board member should recuse himself from taking part in deliberations and voting on a resolution to set the salaries of the town clerk and town tax collector. In that his spouse serves at the pleasure of the clerk and the tax collector, we believe that the town board member cannot avoid at least an appearance of impropriety were he to act with respect to this resolution. As we found in prior opinions, the town board member has a personal interest in his spouse's terms and conditions of employment.
In opinions of this office, we have emphasized that public officers must exercise their official duties solely in the public interest. 1984 Op Atty Gen (Inf) 115. Public officers should avoid circumstances which compromise their ability to make impartial judgments. The appearance of impropriety should be avoided in order to maintain public confidence in government. The town board member can eliminate any appearance of impropriety by simply removing himself from consideration of this resolution.
We conclude that a town board member whose spouse is the deputy to the town clerk and town tax collector should recuse himself from participating in deliberations and voting on a resolution to establish the salaries of the town clerk and town tax collector.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.